UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Copies Mailed/Faxed 12/22/21
Chambers of Vincent L. Briccetti

---

R.M. SANDER,

                       Plaintiff,

       -against-

MR. HEATER ELECTRIC SPACE HEATER
MANUFACTURER; WESTCHESTER
COUNTY; CITY OF MOUNT VERNON;
and MR. HECTOR, Landlord,

                    Defendants.

**ORDER TO AMEND**

21 CV 10684 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/22/21

---

Briccetti, J.:

      Plaintiff brings this pro se action, for which the filing fees have been paid, under the

Court's federal question jurisdiction and diversity jurisdiction.

      For the reasons below, the Court sua sponte dismisses plaintiff's complaint in part and

directs her to file an amended complaint.

### STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants

Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam), that it fails to state a claim, Wachtler v.

County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter

jurisdiction, see Fed. R. Civ. P. 12(h)(3).  The Court is obliged, however, to construe pro se

pleadings liberally and interpret them "to raise the strongest [claims] that they suggest."

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam).[1]

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotation marks,
footnotes, and alterations.

**BACKGROUND**

Plaintiff currently resides in New Rochelle, New York.  On December 14, 2021, she filed this complaint against defendants Mr. Heater Electric Space Heater Manufacturer ("Mr. Heater");[2] Westchester County; the City of Mount Vernon; and "Mr. Hector, Landlord" ("Hector").

In her complaint, plaintiff states the following facts.  When plaintiff resided at 507 South 7th Avenue in Mount Vernon, New York, she purchased an electric space heater manufactured by Mr. Heater because Hector, her landlord, did not provide heat.  The first time plaintiff used the heater, on March 29, 2020, it caught fire.  Plaintiff suffered third- and fourth-degree burns, and she was in the intensive care unit at Cornell Medical Center for two months.  (Compl. ¶ III).  According to plaintiff, the Mount Vernon Buildings Department had received complaints about Hector not providing heat but failed to take any action against him.  (Id. at ECF 10).

Plaintiff invokes the Court's federal question jurisdiction and diversity jurisdiction.  She asserts claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against all defendants; and she asserts products liability and various other state-law claims against Mr. Heater.  She seeks $68 million in damages and for Mount Vernon to provide her a new apartment.  (Compl. ¶ IV).

Plaintiff may have previously filed suit about these events in state court.  In the complaint she appears to list the Westchester County Court as a defendant, and she also asserts "the litigation are [sic] undisputed" and that she "filed the lawsuit and reached to the hospital." (Compl. at ECF 5, 8, 10).

---

[2]     Plaintiff alternately refers to Mr. Heater as "Mr. Heater University Enerco Group Inc. Manufacturers" (Doc. #1 ("Compl.") at ECF 4, 11) and "Mr. Heater University Enerco Group, Inc.  (Id. at ECF 8).

## DISCUSSION

I.    Federal Question Jurisdiction

A.    Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (i) a right secured by the Constitution or laws of the United States was violated, and (ii) the right was violated by a state actor or private party acting under the color of state law. West v. Atkins, 487 U.S. 42, 48–49 (1988). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Plaintiff has not alleged a violation of her constitutional rights. Even if she did, her Section 1983 claims must be dismissed.

First, plaintiff has not alleged either Mr. Heater or Hector is a state actor or acting under color of state law. Thus, she has not stated a claim against them under Section 1983.

Second, plaintiff fails to state a claim for relief against either Westchester County or the City of Mount Vernon.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. See Connick v. Thompson, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978))). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (i) the existence of a municipal policy, custom, or practice; and (ii) that the policy, custom, or practice caused the violation of the

plaintiff's constitutional rights.  See Jones v. Town of East Haven, 691 F.3d 72, 80–81 (2d Cir.

2012).

Plaintiff alleges no facts in the complaint suggesting that a municipal policy, custom, or

practice by Westchester County or the City of Mount Vernon caused or contributed to a violation

of her constitutional rights.  Thus, she has not stated claims under Section 1983 against them.

Accordingly, plaintiff's Section 1983 claims must be dismissed for failure to state a claim

on which relief may be granted.

B.     Title VII

Title VII provides:

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse
> to hire or to discharge any individual, or otherwise to discriminate against any
> individual with respect to her compensation, terms, conditions, or privileges of
> employment, because of such individual's race, color, religion, sex or national
> origin.

42 U.S.C. § 2000e-2(a).

Plaintiff invokes Title VII, but that statute does apply to the events giving rise to this

complaint.  Plaintiff does not assert that she had an employer-employee relationship with any of

the defendants, and there are no facts suggesting that plaintiff was discriminated against because

of a characteristic that Title VII protects.

Accordingly, Plaintiff's Title VII claims must be dismissed for failure to state a claim on

which relief may be granted, and Westchester County, the City of Mount Vernon, and Hector

must be dismissed from the case.

II.    Diversity Jurisdiction

To establish subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of

citizenship, a plaintiff must first allege that the plaintiff and the defendant are citizens of different

states.  Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998).  "[A] corporation shall be

deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80–81 (2010).

In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds the sum or value of $75,000, the statutory jurisdictional amount.  28 U.S.C. § 1332(a); Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges she is a citizen of New York and that Mr. Heater is incorporated and has its principal place of business in Ohio.  (Compl. at ECF 2–3).  Because Westchester County, the City of Mount Vernon, and Hector are dismissed from this action, there is complete diversity of citizenship.

Moreover, plaintiff seeks $68 million in damages, and she alleges serious injuries from the fire in her apartment.  The Court will assume at this stage that plaintiff's claim exceeds the statutory jurisdictional threshold of $75,000.

Thus, the Court has diversity jurisdiction over plaintiff's state-law claims against Mr. Heater.

However, the complaint suggests there may have been prior litigation regarding these same events.[3]  Accordingly, the Court directs plaintiff to file an amended complaint to explain the nature and status of any prior litigation.

In her amended complaint, plaintiff must also provide additional facts to support her products liability and other state-law claims against Mr. Heater.

---

[3]     The doctrine of claim preclusion, also known as res judicata, "prevents parties from raising issues that could have been raised and decided in a prior action."  Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 140 S. Ct. 1589, 1594 (2020).  The Court cannot determine whether any part of this action is precluded until plaintiff provides more information about any other litigation.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects unless amendment would be futile.  See Hill v. Curcione, 657 F.3d 116, 123–24 (2d Cir.

2011).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a pro se

complaint] without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112

(2d Cir. 2000).  Because Plaintiff may be able to allege additional facts to state valid products

liability and other state-law claims against Mr. Heater, the Court grants plaintiff sixty days' leave

to amend her complaint to detail these claims against Mr. Heater and also to provide information

about any prior litigation arising from these events.

**CONCLUSION**

The Court sua sponte dismisses plaintiff's Section 1983 and Title VII claims for failure to

state a claim on which relief may be granted.

Plaintiff is granted leave to file an amended complaint against Mr. Heater that complies

with the standards set forth above.  Plaintiff must submit the amended complaint to this Court's

Pro Se Intake Unit by **February 22, 2022**, caption the document as an "Amended Complaint,"

and label the document with docket number 21-CV-10684 (VB).  An Amended Complaint form

is attached to this Order.  Although summonses have issued, no defendant is required to answer

at this time.  **If plaintiff fails to file an amended complaint by February 22, 2022, and she**

**cannot show good cause to excuse such failure, the complaint may be dismissed for failure**

**to state a claim upon which relief may be granted and for failure to comply with a court**

**order.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate from the docket defendants Westchester County, the City of Mount Vernon, and Hector.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: December 22, 2021
      White Plains, NY

                              SO ORDERED:


                              _____
                              Vincent L. Briccetti
                              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

2| CV 10684 (VB)

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                         (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name            Middle Initial        Last Name

_____

Street Address

_____

County, City                      State            Zip Code

_____

Telephone Number                  Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                 Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                 Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                 Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.