Copies Mailed/Faxed 5/18/22
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
R.M. SANDER,
                  Plaintiff,

v.                                              **ORDER OF SERVICE**

MR. HEATER ELECTRIC SPACE HEATER           21 CV 10684 (VB)
MANUFACTURE, MR. HECTOR, and ENERCO
GROUP INC.,
                  Defendants.
--------------------------------------------------------------x

5/18/22

Briccetti, J.:

      Plaintiff, who is proceeding pro se, paid the filing fees to commence this action. On May 17, 2022, plaintiff filed the operative and second amended complaint. (Doc. #13). Her second amended complaint names three defendants: Mr. Hector, Mr. Heater Electric Space Heater Manufacture ("Mr. Heater"), and Enerco Group Inc.

      For the reasons set forth below, the Court dismisses plaintiff's claims against Mr. Hector and Enerco Group Inc. and directs the Clerk of Court to issue summons as to Mr. Heater.

**STANDARD OF REVIEW**

      The Court may dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994).[1]

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

## DISCUSSION

A.   Mr. Hector and Enerco Group Inc.

Liberally construed, plaintiff alleges she purchased a defective space heater manufactured by defendant Mr. Heater for her apartment in Mount Vernon, New York; that the space heater malfunctioned and started a fire; and that the fire caused her to suffer severe injuries.

Plaintiff lists Mr. Hector and Enerco Group Inc. in the caption of her second amended complaint, but she does not mention them anywhere else in her pleading.[2] Thus, these defendants are dismissed from the case. See Xiu Jian Sun v. Dillon, 699 F. App'x 90, 90 (2d Cir. 2017) (summary order) (complaint properly dismissed as frivolous when "the complaint contained no allegations against any defendant").

B.   Order of Service

The Clerk of Court is directed to issue a summons as to defendant Mr. Heater. Plaintiff is directed to serve the summons and complaint on defendant within 90 days of the issuance of the summonses. If within those 90 days, plaintiff has not either served Mr. Heater or requested an

---

[2]   According to plaintiff's previous pleadings, Mr. Hector was her landlord in the Mt. Vernon apartment where the fire took place. (See Docs. ##1, 8). Plaintiff did not mention Enerco Group Inc. in her previous pleadings.

extension of time to do so, the Court may dismiss the claims against Mr. Heater under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

Plaintiff's claims against Mr. Hector and Enerco Group Inc. are DISMISSED.

The Clerk of Court is instructed to issue summons as to defendant Mr. Heater Electric Space Heater Manufacture.

The Clerk is further instructed to terminate from the docket defendants Mr. Hector and Enerco Group Inc.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: May 18, 2022
      White Plains, NY

                                      SO ORDERED:

                                      _____
                                      Vincent L. Briccetti
                                      United States District Judge