```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
R.M. SANDER,                                                  :
                        Plaintiff,                            :
                                                              :
v.                                                            :       OPINION AND ORDER
                                                              :
ENERCO GROUP, INC. (incorrectly sued                          :       21 CV 10684 (VB)
herein as "Mr. Heater Electric Space Heater                   :
Manufacture"),                                                :
                        Defendant.                            :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff R.M. Sander, proceeding pro se, brings this products liability action against defendant Enerco Group, Inc. ("Enerco"),[1] alleging she was injured when a space heater manufactured by defendant caught fire in her home.

Now pending is defendant's motion to dismiss the second amended complaint ("SAC") pursuant to Rule 12(b)(6).  (Doc. #17).

For the reasons set forth below, the motion is GRANTED.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the SAC, documents attached thereto, and plaintiff's opposition, and draws all reasonable inferences in plaintiff's favor, as summarized below.[2]

---

[1]     Although plaintiff's second amended complaint names "Mr. Heater Electric Space Heater Manufacture" as a defendant, the Court previously construed plaintiff's second amended complaint to be brought against Enerco Group, Inc.  (Doc. #18).

[2]     In addition to the second amended complaint, courts may consider a pro se plaintiff's other submissions, such as any opposition to a motion to dismiss, when "evaluating the legal sufficiency of a pro se plaintiff's claims."  See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (collecting cases).

1

Plaintiff alleges, on an unspecified date at "approximately 6:30 a[.]m.," there was "smoke and fire." (Doc. #13 ("SAC") at ECF 3).³ She claims "the fire was started in the space heater," "this failure constituted a design defect," and was "the cause of the burning to the plaintiff." (Id.). Plaintiff identifies the defective product as a "Mr. Heater" space heater. (Id.). Further, plaintiff generally alleges "the manufacturing company knew of the defect, but did nothing to rectify it," and this "malfunction with the heater was the sole cause of the fire." (Id.).

Although plaintiff omits some information about the alleged incident in the SAC, she attaches a Mount Vernon Fire Department ("MVFD") report, dated February 18, 2022, from which the Court gleans additional allegations. (SAC at ECF 9–10 (the "MVFD Report")). According to the MVFD Report, on December 20, 2021, at approximately 11:33 a.m., the MVFD responded to a report of "smoke within residence" at 505 S. 7th Avenue in Mount Vernon, a "2 story frame vacant dwelling with extension to #507 S. 7th Ave., . . . a vacant 2 1/2 story frame dwelling," buildings the Mount Vernon Building Department "had previously condemned," and encountered "heavy fire conditions." (Id. at ECF 9). Firefighters' search for people in the affected buildings was "negative." (Id.). The fire was controlled at 3:19 p.m. and cleared at 5:15 p.m.

The MVFD Report also states: "Due to information received prior to Battalion #3 leaving the scene the cause of the fire was deemed suspicious and [the Mount Vernon Police Department] assigned a patrol car to secure the fire scene overnight" until a fire investigator, police detective, and arson investigator "were able to return to the scene the following day to investigate the fire's cause and origin." (SAC at ECF 9). As of the date the report was issued,

---

³ "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

the exact cause of the fire had not been determined. In addition, "[n]o firefighter or civil[i]an injuries were sustained during the incident." (Id.).

Nevertheless, plaintiff alleges she suffered extensive injuries because of the fire, including "severe emotional trauma," "conscious pain and suffering," "grief," and "physical injuries," and that she had to spend three months in the hospital. (SAC at ECF 3). In her opposition to the motion to dismiss, plaintiff further alleges she "was [i]n intensive care . . . for [a] month" and suffered "burns to her foot." (Doc. #22 ("Opp.") at ECF 1). As a result, she seeks $26 million in damages. (SAC at ECF 5).

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id. "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." Poindexter v. EMI Record Grp. Inc., 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012);[5] see Perry v. NYSARC, Inc., 424 F. App'x 23, 25 (2d Cir. 2011) (summary order) ("[T]he court must generally accept as true all of the factual assertions in the complaint. However, there is a narrow exception to this rule for factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice.").

Because plaintiff is proceeding pro se, the Court must construe her submissions liberally and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). "With that said, to survive a

---

[5] Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

Rule 12(b)(6) motion to dismiss, a pro se plaintiff's factual allegations must at least be enough to raise a right to relief above the speculative level." Karupaiyan v. CVS Health Corp., 2021 WL 4341132, at *6 (S.D.N.Y. Sept. 23, 2021). Even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). The Court also "cannot invent factual allegations" plaintiff has not pleaded. Id.

II.     Threadbare, Inconsistent, and Implausible Allegations

Defendant argues the SAC must be dismissed because (i) plaintiff provides no factual basis for the causes of action asserted, including whether an Enerco product was involved in the alleged harm, and (ii) the SAC, exhibits attached thereto, plaintiff's opposition, and earlier pleadings are inconsistent as to the cause of the alleged fire and plaintiff's purported injuries.

The Court agrees.

As defendant highlights, many of plaintiff's general allegations in the SAC and opposition—regarding the dangers of defective space heaters, fires caused by space heaters, and elements of products liability claims—are copied and pasted from law firm articles, some of which are attached to the motion. Since plaintiff inserts text verbatim into her SAC from these online articles, the SAC "relies heavily upon" them, and the Court can properly consider them in ruling on the motion. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111. In the SAC, plaintiff references negligence, strict products liability, design defect, manufacturing defect, and failure to warn claims.

For example, plaintiff alleges the manufacturer of a space heater is liable

if the space heater itself was defective, such as if the heating coils or other aspects were either designed or built improperly. The company may also be liable if it did not provide clear instructions concerning how to use the space heater, or clear warnings concerning what precautions to take in order to not start a fire.

5

(SAC at ECF 4).  This is copied from an article by Dysart Law Firm, P.C., along with other information from that article about suing manufacturers of defective parts, wholesalers, retailers, and others involved in the distribution of space heaters.  See Who Can I Sue for a Fire Caused by a Space Heater? – Space Heater Statistics, Dysart Law Firm, https://dysart-law.com/fire-and-burn-injuries/who-can-i-sue-for-a-fire-caused-by-a-space-heater/ (last visited Feb. 2, 2023).  Likewise, plaintiff's allegations about "fatalities caused by the malfunction of space heaters," including those about incidents that occur "because the design or manufacturing had defects" (SAC at ECF 1–2), are largely copied from an article written by Anzalone Law Firm, PLLC.  (See Doc. #17-3).  Moreover, plaintiff lifts the following statement—the "defect must have been created during the design stage, . . . the manufacture stage"—from an article written by Gainsberg Law P.C., and she even includes the words "[a]t Gainsberg Law" in the SAC.  (SAC at ECF 2; see Doc. #17-2).

      Although a pro se litigant is not prohibited from consulting articles to assist in filing a complaint, the Court can properly consider that plaintiff took these statements from other sources.  And, plaintiff's invocation of various products liability causes of action are threadbare legal conclusions, not supported by any particular facts about defendant's product or its alleged defects.  Although plaintiff is pro se, the Court "is not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions."  Karupaiyan v. CVS Health Corp., 2021 WL 4341132, at *6.

      Furthermore, the MVFD Report attached to the SAC contradicts plaintiff's factual allegations, in the SAC and opposition, about the fire and her supposed injuries.  The MVFD Report offers a detailed account of a fire that occurred on December 20, 2021, and provides a fire "Alarm Time" of 11:33 a.m., a fire "Controlled" time of 3:19 p.m., and a fire "Cleared" time

of 5:15 p.m. (SAC at ECF 9). Plaintiff's allegation that there was smoke and fire at 6:30 a.m. is therefore implausible. The MVFD Report also states the affected buildings were previously condemned and vacant at the time of the fire, making it implausible that plaintiff or anyone was inside or living there. In addition, it states there were no "firefighter or civil[i]an injuries sustained during the incident" (id.), which confutes plaintiff's allegations that she suffered severe burns and injuries.

The MVFD Report also precludes a reasonable inference that the alleged fire was caused by a defective space heater produced by defendant. Plaintiff did not allege any details about the space heater that purportedly started the fire, such as when or where she acquired it, or when or how she used it; she merely references a "Mr. Heater heater." (SAC at ECF 3). Contrarily, the MVFD Report states: "Due to information received prior to Battalion #3 leaving the scene the cause of the fire was deemed suspicious and MVPD assigned a patrol car to secure the fire scene overnight." (Id. at ECF 9). Further, it says police and arson investigators later returned to the scene "to investigate the fire's cause and origin," and, "[a]t this time the exact cause has yet to be determined." (Id.).

The contradictions between the SAC's allegations and the facts contained in the MVFD Report undermine plaintiff's allegation that the fire was caused by a space heater—let alone one manufactured by defendant—and instead supports a reasonable inference that the fire was caused by criminal activity, such as arson. A court "need not feel constrained to accept as truth conflicting pleadings that make no sense . . . or that are contradicted either by statements in the complaint itself or by documents upon which [the] pleadings rely." Brown v. City Univ. of N.Y., 2022 WL 4637818, at *5 (E.D.N.Y. Sept. 30, 2022); see Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1095 (2d Cir. 1995) (affirming dismissal where "attenuated allegations"

supporting a claim were "contradicted . . . by more specific allegations in the Complaint"). And here, plaintiff "offers no explanation in [her] complaint or opposition brief that reconciles the conflict between [her] allegations and the exhibit[]." B.B. v. The New Sch., 2018 WL 2316342, at *6 (S.D.N.Y. Apr. 30, 2018). Where such "contradicted allegations are implausible, they will not defeat a motion to dismiss." Id. In light of the conflicting information presented by plaintiff, the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged" and finds the claims are not facially plausible. Ashcroft v. Iqbal, 556 U.S. at 678.

Finally, in addition to these discrepancies, defendant points out further inconsistencies among plaintiff's various complaints. Although "an amended complaint ordinarily supersedes the original, and renders it of no legal effect, in cases where allegations in an amended pleading directly contradict pleadings in the original complaint, courts have disregarded the amended pleading." James v. Gage, 2019 WL 1429520, at *6 (S.D.N.Y. Mar. 29, 2019). Moreover, in light of plaintiff's pro se status, the Court may "consider[] the factual allegations set forth in the original Complaint, the Amended Complaint, and Second Amended Complaint, as well as their respective attachments." See Briggs v. SCO Family of Servs., 2021 WL 7209010, at *2 (E.D.N.Y. Oct. 20, 2021), report and recommendation adopted (unreported), 2:16-cv-03882 (E.D.N.Y. Nov. 18, 2021).

Plaintiff filed her initial complaint on December 14, 2021 (Doc. #1), which was six days before the December 20, 2021, fire described in the MVFD Report, on which the allegations of harm in the SAC rely. In the initial complaint, plaintiff alleges she was injured in a fire caused by a space heater on March 29, 2020. However, on February 24, 2022, she filed a first amended complaint, omitting the date of the alleged fire. (Doc. #8). Eventually, on May 17, 2022, plaintiff filed the SAC, attaching the MVFD Report concerning the December 20, 2021, fire.

8

Plaintiff's allegations are thus contradictory regarding when the fire that purportedly caused her injuries occurred. Plaintiff has failed to refute these inconsistencies, and the Court can neither reconcile them nor find any plausible basis on which plaintiff may state a claim.

Accordingly, plaintiff does not plausibly state a products liability or negligence claim (or any other claim) against defendant.

III.   Leave to Replead

A district court ordinarily should not dismiss a pro se complaint for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Here, however, reading the SAC liberally, the Court does not find any allegations that suggest plaintiff has a valid claim she has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Id. On the contrary, the Court finds that repleading would be futile, because the problems with plaintiff's causes of action are substantive, and supplementary and/or improved pleading will not cure their deficiencies. See id.

Moreover, plaintiff has already amended her complaint twice, and when given an opportunity to file a third amended complaint, she declined to do so. (Doc. #23).

Accordingly, the Court declines to grant plaintiff leave to file a third amended complaint.

## CONCLUSION

The motion to dismiss is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

9

The Clerk is instructed to terminate the motion (Doc. #17) and close this case.

Chambers will mail a copy of this Opinion and Order, and all unpublished decisions cited, to plaintiff at the address on the docket.

Dated: February 6, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge